**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00925-DDN |
| | ) |
| CHRISTOPHER PAUL HUBER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed plaintiff's extensive prior filings in federal court, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On September 3, 2020, he began filing civil actions in the United States District Court for the Eastern District of Missouri, each time seeking leave to proceed in forma pauperis. Plaintiff's first case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was dismissed on December 14, 2020 due to plaintiff's failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN (E.D. Mo. Dec. 14, 2020). Subsequently, plaintiff began filing prisoner civil rights complaints under 42 U.S.C. § 1983. For

the most part, he submitted his pleadings in bulk, stating that he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff sued numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon, et al.*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); and *Engel v. CO1, et al.*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name).

Plaintiff often sought forms of relief that were unrelated to his claims, requesting stocks, properties, outfitted luxury vehicles, and college scholarships from both parties and non-parties. *See, e.g., Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus, et al.*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). He also sought relief on behalf of individuals other than himself. *See, e.g., Engel v. CO1, et al.*, No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"). Plaintiff repeatedly referred to – and appeared to partially base his entitlement to relief upon – his status as a "sovereign citizen." *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Oct. 7, 2020).

Because plaintiff was proceeding in forma pauperis, his cases were reviewed under 28 U.S.C. § 1915. Based on those reviews, plaintiff's cases were dismissed, either for one of the reasons articulated within § 1915(e)(2)(B),[1] or because plaintiff failed to comply with Court orders.

In *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed in forma pauperis, as well as potentially subject him to sanctions. Despite this warning, plaintiff continued the practice.

As of December 31, 2020, plaintiff had filed more than 130 civil actions. By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff was denied leave to proceed in forma pauperis without prejudice to him filing a fully-paid complaint. In addition to the numerous cases filed by plaintiff, the Court has received civil actions filed by prisoners other than plaintiff, but which were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those plaintiff asserted in actions on his own behalf. *See, e.g., Herron v. ERDCC, et al.*, No. 4:21-cv-527-NAB (E.D. Mo. May 3, 2021).

On June 9, 2021, after a pause in filings, plaintiff once again began submitting 42 U.S.C. § 1983 actions on his own behalf. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded the Court's prior warning to avoid engaging in abusive litigation practices. As of the date of this order, he has filed approximately 160 cases in total.

---

[1] For example, in many of plaintiff's actions, the Court found that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). It was determined that many of his complaints were also subject to dismissal as malicious, based upon the nature of his pleadings and his abusive litigation practices. *See, e.g., Engel v. Prob. & Parole of Mo., et al.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing twenty-nine of plaintiff's cases in which the Missouri Department of Corrections was named as a defendant); and *Engel v. Corizon, et al.*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing plaintiff's litigation practices as part of an attempt to harass named defendants, and a not a legitimate attempt to vindicate a cognizable right).

**The Complaint**

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983. The complaint is handwritten on a Court-provided form. Plaintiff names attorney Christopher Paul Huber and the Public Defender's Office as defendants. (Docket No. 1 at 2-3). Huber is sued in both his official and individual capacities. (Docket No. 1 at 2).

In his "Statement of Claim," plaintiff asserts that Huber took over his criminal case from a different attorney, and "did not do his job." (Docket No. 1 at 3). Specifically, he alleges that Huber "refused to show [him] the video [footage] of the crimes." Plaintiff also asserts that he was not read his rights, and that Huber "would not even bring that up." With regard to sentencing, plaintiff contends that Huber allowed him to get sentenced to prison terms above the statutory maximums.

As a result of Huber's allegedly deficient performance, plaintiff states that he suffered injuries to his civil rights, civil liberties, freedom, and his physical health. (Docket No. 1 at 4). He also claims he suffers from PTSD. Plaintiff seeks $250 million from Huber, and $350 million from the Public Defender's Office. (Docket No. 1 at 1).

**Discussion**

Plaintiff is a self-represented litigant who seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, while he has been incarcerated, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to the refiling of a fully-paid complaint.

**A. 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204

4

(2007). One of these reforms is what is commonly known as the "three strikes" provision of 28

U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8ᵗʰ Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the

time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8ᵗʰ

Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike

even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).

In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g)

may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending."

*Id.* at 1765. For purposes of this section, a dismissal for failure to state a claim counts as a strike

whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721,

1723 (2020).

### B.  Plaintiff's Previous "Strikes"

All told, plaintiff has filed approximately 160 cases in the United States District Court for

the Eastern District of Missouri. Most of these have been dismissed for frivolity, maliciousness,

or failure to state a claim. *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA

(E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D.

Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec.

21, 2020). These three strikes, and many more, occurred before the filing of the instant action.

5

Due to the numerous preservice dismissal plaintiff has accumulated, this Court has determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g), and has denied him leave to proceed in forma pauperis. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-cv-1941-DDN (E.D. Mo. Jan. 27, 2021). Additionally, the United States Court of Appeals for the Eighth Circuit has also determined that plaintiff is a three-striker. *See, e.g., Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating that "[t]his court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

## C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* With regard to pleading requirements, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

In this case, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. To the contrary, plaintiff is complaining about the effectiveness of his

6

attorney during the pendency of his criminal case. This took place sometime in the past, and obviously does not implicate any risk to plaintiff's physical being. Because plaintiff has not shown that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

### D. Abusive Litigation Advisory

Since plaintiff has accumulated far more than the three strikes allowed by 28 U.S.C. § 1915(g), his request for leave to proceed in forma pauperis will be denied without prejudice to the refiling of a fully-paid complaint. Additionally, the Court will instruct the Clerk of Court to request the agency having custody of plaintiff to begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and he is cautioned to avoid such practices in the future. For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

7

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of _____August_____, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

8